UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYSON JONES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | Case No. 2:24-cv-01199-CSK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 10) |

Pending before the Court are Defendants City of Vallejo and Matthew Komoda's motion to dismiss the First Amended Complaint in part and motion to strike pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). (ECF No. 10.)[1] Plaintiff filed an opposition (ECF No. 11), and Defendants filed a reply (ECF No. 14). A hearing set for October 15, 2024 on Defendants' motion to dismiss was vacated pursuant to the parties' joint stipulation, and the matter was submitted on the papers. (ECF Nos. 15, 16.)

For the reasons that follow, Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. The Court dismisses with prejudice Plaintiff's 42 U.S.C. § 1983 claim for a substantive due process violation under the Fourteenth Amendment against all Defendants and Plaintiff's Fifth and Fourteenth Amendment claim pursuant to

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties. (ECF Nos. 6, 8, 9.)

42 U.S.C. § 1983 for violation under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) against Defendant City of Vallejo. Further, the Court dismisses with prejudice Plaintiff's claim for punitive damages pursuant to § 1983 against Defendant City of Vallejo.

The Court denies Defendants' motion to dismiss Plaintiff's Fourth and Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983 against Defendant City of Vallejo pursuant to *Monell*; and California Civil Code § 52.1 (referred to as the "Bane Act") against Defendants City of Vallejo and Komoda. These claims may proceed.

I.   BACKGROUND

On November 20, 2023, Defendant City Officer Matthew Komoda and two Vallejo Police Department officers pursued Plaintiff Bryson Jones in a high-speed chase. First Am. Compl. ("FAC") at ¶¶ 9-10 (ECF No. 7). Plaintiff was suspected of armed robbery. *Id*. ¶ 10. Defendant Komoda followed Plaintiff down Sonoma Boulevard in Vallejo, California, when Plaintiff crashed his car and then exited. *Id*. ¶¶ 9-10. Plaintiff then began to flee. *Id*. ¶ 10. Defendant Komoda yelled "he has a gun" three times. *Id.* Plaintiff ran away from the officers. *Id.* Plaintiff alleges his back was turned when Defendant Komoda shot him twice. *Id.* One bullet hit Plaintiff's left arm. *Id.* Plaintiff was subsequently charged with attempted armed robbery, second degree assault with a weapon, and assault on an officer. *Id*. ¶ 11. Plaintiff claims to have "sustained severe physical injuries, pain and suffering, and emotional distress." *Id.*

On April 25, 2024, Plaintiff filed the original complaint. *See* Compl. (ECF No. 1). On July 8, 2024, prior to the filing of a responsive pleading, Plaintiff filed the operative amended complaint.[2] *See* FAC. The FAC names Defendants City of Vallejo; Matthew Komoda in his individual and official capacity; and Does 1-50. *Id*. ¶¶ 4, 6-7. Plaintiff alleges the following seven causes of action: (1) 42 U.S.C. § 1983 claim for excessive force in violation of the Fourth Amendment against all Defendants; (2) 42 U.S.C. § 1983

---

[2] Plaintiffs may amend their pleading once as a matter of right. *See* Fed. R. Civ. P. 15(a).

claim for a substantive due process violation under the Fourteenth Amendment against all Defendants; (3) 42 U.S.C. § 1983 claim under *Monell* for unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments, and due process violation under the Fifth and Fourteenth Amendments against Defendant City of Vallejo only*;* (4) violation of the right to enjoy civil rights under the Bane Act against all Defendants; (5) assault/battery against all Defendants; (6) negligence against all Defendants; and (7) intentional infliction of emotional distress against all Defendants. *Id*. ¶¶ 12-42.

Defendants move to dismiss the second (substantive due process), third (*Monell*), and fourth (Bane Act) causes of action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). Defs. Mot. at 4-8 (ECF No. 10).[3] Defendants also move to strike Plaintiff's prayer for punitive damages as to Defendant City of Vallejo only. *Id*. at 8. In support of their motion to dismiss, Defendants request that the Court take judicial notice of various documents and a factual statement. Defs. Req. for Judicial Notice ("RJN") (ECF No. 10-2).

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc*., 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

---

[3] In his opposition, Plaintiff briefly raises that the motion to dismiss was filed "without meeting and conferring in adherence to this Court's standing order." Pl. Opp'n at 1 (ECF No. 11.) The Court notes that Defendants' motion indicates that they sent Plaintiff a meet and conferral letter regarding pleading deficiencies in the Complaint. *See* Defs. Mot. at 3. Regardless, while the Court encourages parties to regularly meet and resolve their differences, the Court's Standing Order do not include a meet and conferral requirement for dispositive motions brought pursuant to Local Rule 230.

3

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id*. However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

### B. Motion to Strike

Rule 12(f) grants the district court with authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

### C. Judicial Notice

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents).

### III. DISCUSSION

Prior to addressing Defendants' motion to dismiss, the Court will first address

Defendants' request for judicial notice.

### A. Judicial Notice

In support of their motion, Defendants request that the Court take judicial notice of the following: (1) the Contra Costa County Coroner's Office's Verdict of Coroner's Jury in the matter of Jeffrey Darrell Barboa ("Exh. A"); (2) Solano County Superior Court of California's Entry of Plea of Dominic Milano ("Exh. B"); (3) Stipulated Judgment filed in *People v. City of Vallejo*, Solano County Superior Court, Case No. CU23-04676 ("Exh. C"); and (4) "The fact that the submitted stipulated judgment was never executed by the Court or entered as a judgment in the case of *People v. City of Vallejo*, Solano County Superior Court, Case No. CU23-04676, as reflected in the Court's docket." Defs. RJN at 1-2. Plaintiff objects to the Court taking judicial notice because the FAC does not extensively refer to the evidence Defendants seeks to introduce; Plaintiff has not had the opportunity to determine their authenticity; and because Plaintiff would be prejudiced. Pl. Opp'n at 3.

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). The court documents, including the Solano County Superior Court of California's Entry of Plea of Dominic Milano and the Stipulated Judgment filed in *People v. City of Vallejo* in the Solano County Superior Court, and the Verdict of Coroner's Jury, are public records properly subject to judicial notice. *See* Defs. RJN, Exhs. A-C. The Court hereby grants Defendants' request as to these documents as they are related to the issues raised in the motion and are documents subject to judicial notice. In doing so, the Court is merely acknowledging the existence of the documents Defendant has identified; the Court is not accepting the truth of the contents of the documents for purposes of ruling on this motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) ("[a]

court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment....[b]ut a court may not take judicial notice of a fact that is subject to reasonable dispute") (internal quotation marks and citations omitted).

The Court declines to grant judicial notice as to Defendants' "fact" that states: "[t]he fact that the submitted stipulated judgment was never executed by the Court or entered as a judgment in the case of *People v. City of Vallejo*, Solano County Superior Court, Case No. CU23-04676, as reflected in the Court's docket." Defs. RJN, Exh. D. The Court cannot take judicial notice of "one party's opinion of how a matter of public record should be interpreted." *United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Accordingly, the Court declines to take judicial notice of this statement. *See* Defs. RJN, Exh. D.

### B.     Failure to State a Claim

Defendants seek dismissal for failure to state a claim as to Plaintiff's second (substantive due process), third (*Monell*) and fourth (Bane Act) causes of action. The Court considers Defendants' arguments with respect to each of these claims.

#### 1.     Section 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983. *See also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011).

As relevant to the motion to dismiss, Plaintiff's second and third causes of action

allege violations under 42 U.S.C. § 1983.

### a. *Second Cause of Action - Fourteenth Amendment Substantive Due Process Against All Defendants*

Plaintiff's second cause of action for § 1983 relief alleges a violation of the Fourteenth Amendment. Plaintiff alleges Defendants' conduct, while in pursuit of Plaintiff, amounted to excessive force in violation of his constitutional rights. FAC ¶¶ 16-17; Pl. Opp'n at 4. Specifically, Plaintiff alleges he "became a pre-trial detainee as soon as [Defendant Komoda] accosted him and sought to detain and/or search in any way restrict his movement." FAC ¶ 17; Pl. Opp'n at 4.

Here, based on the allegations in the First Amended Complaint, it is clear Plaintiff is not a pretrial detainee. *See generally* FAC. Pretrial detainees are "persons who have been charged with a crime but who have not yet been tried on the charge." *Bell v. Wolfish*, 441 U.S. 520, 523 (1979). "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (citation and internal quotation marks omitted). Plaintiff's allegations do not establish that he was charged with a crime at the time the alleged incident took place.

On the contrary, Plaintiff's basis for his excessive force claim is related to an incident that occurred in the course of an arrest. *See* FAC ¶¶ 10-11; *see also* Pl. Opp'n at 4 ("Plaintiff became a detainee as soon as Officer Komoda attempted to stop him."). The Court agrees instead with Defendants that Plaintiff's claim for excessive force is more properly brought and analyzed under the Fourth Amendment, as Plaintiff pleads in his first cause of action. *See* FAC ¶¶ 12-14; Defs. Mot. at 5; *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.") (emphasis omitted). Because Plaintiff was not a pretrial detainee at the time of the underlying incident, he

7

cannot state a cognizable claim pursuant to the Fourteenth Amendment. In addition, because amendment would be futile, Plaintiff's second cause of action is DISMISSED with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### b.  *Third Cause of Action – Monell Claim Against City of Vallejo*

Plaintiff's third cause of action is a § 1983 claim against Defendant City of Vallejo pursuant to *Monell*, 436 U.S. 658, for unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments, and for a due process violation under the Fifth and Fourteenth Amendments.

Defendants move to dismiss on the ground that Plaintiff has not sufficiently pled facts "to support the theory that the Vallejo Police Department has a custom and practice of failing to supervise and train officers in the reasonable use of force." Defs. Mot. at 6. Defendants argue that the First Amended Complaint's conclusory allegations, reference to prior incidents involving Defendant Komoda, and a stipulated judgment between the City of Vallejo and the Department of Justice, are insufficient to state a claim under *Monell*. *Id*. at 5-7.

"In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell*, 436 U.S. at 694). To impose liability under *Monell*, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee*, 250 F.3d at 681; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose

8

liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Though the parties did not analyze the underlying constitutional violations alleged for the *Monell* claim, the Court must first examine whether the First Amended Complaint properly and sufficiently alleges the violation of a constitutional right. *See Omar v. Sea Land Services, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (courts may sua sponte raise inadequacies in a complaint in the context of a Rule 12(b)(6) motion). The First Amended Complaint alleges Defendant City of Vallejo maintained a policy, practice and custom of inadequately training their police officers in the use of force in violation of the Fourth and Fourteenth Amendments for unreasonable search and seizure, and in violation of the Fifth and Fourteenth Amendments for the deprivation of due process. FAC ¶¶ 20-24.

### i.   Fourth and Fourteenth Amendment Violation for Unreasonable Search and Seizure

The Fourth Amendment protects the "right of the people to be secure...against unreasonable searches and seizures." U.S. Const. amend. IV. This guarantee is applied to the states through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). "[A] seizure occurs when a law enforcement officer, by means of physical force or show of authority, in some way restrains the liberty of a citizen." *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997). In general, all claims of excessive force, whether deadly or not, must be analyzed under the objective reasonableness standard of the Fourth Amendment. *Lombardo v. City of St. Louis, Missouri*, 594 U.S. 464, 467 (2021). "[D]etermining whether the force used to effect a particular seizure is

reasonable requires balancing of the individual's Fourth Amendment interests against the relevant government interests." *Cnty. of Los Angeles, Calif. v. Mendez*, 581 U.S. 420, 427 (2017) (internal quotation marks omitted) (quoting *Graham*, 490 U.S. at 396).

Plaintiff alleges that Defendant City of Vallejo should have known about Defendant Komoda's "repeated acts of misconduct" and that their police officers, including Defendant Komoda, were "either untrained or improperly trained" and that Defendant City of Vallejo "maintained deficient customs in the use of force." FAC ¶¶ 19-20. Plaintiff alleges Defendant Komoda's use of excessive force as to Plaintiff and three prior shootings shows Defendant City of Vallejo "permitted police officers who demonstrate a pattern of using unreasonable force…to continue on patrol and pose a danger to the public…without remediation, retraining or discipline." *Id*. ¶ 20. Plaintiff also alleges Defendant Komoda was involved in the practice of "'badge of honor' badge bending ritual, a practice in which Vallejo officers who have killed someone bend their badges to show off their fatal shooting." *Id.* Plaintiff further asserts three other instances, aside from Plaintiff's own shooting, where Defendant Komoda shot suspects in violation of their Fourth Amendment rights: (1) in August 2016 when Defendant Komoda "recklessly fired his weapon into a vehicle after a brief pursuit" and where the tip of his badge was bent as a result of his involvement in an on duty shooting; (2) in August 2017 when Defendant Komoda was "involved in the shooting death of Jeffrey Barboa after Mr. Barboa similarly fled in his car" and was not disciplined but instead promoted; and (3) in November 2018 when Defendant Komoda was involving in the shooting of Dominic Milano. *Id*.

Accepting the well-pleaded factual allegations as true and construing the FAC in the light most favorable to Plaintiff as required, Plaintiff has sufficiently alleged a constitutional violation pursuant to the Fourth and Fourteenth Amendment.

    ii. <u>Fifth and Fourteenth Amendment Violation for the Deprivation of Due Process</u>

The procedural guarantees of the Fifth and Fourteenth Amendments' Due

Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977). The Due Process Clause of the Fifth Amendment is incorporated into the Fourteenth Amendment. *Id*. Here, however, the Fifth Amendment may not serve as a basis for Plaintiff's claim because "the Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Accordingly, Plaintiff's third cause of action against Defendant City of Vallejo on the basis of the Fifth and Fourteenth Amendment is dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

The Court therefore dismisses the portion of the § 1983 *Monell* claim against Defendant City of Vallejo on the basis of the Fifth and Fourteenth Amendment. *See Bingue*, 512 F.3d at 1174.

### iii.   Other *Monell* Elements

The Court next examines the First Amended Complaint's allegations regarding Defendant City of Vallejo's policy. Plaintiff alleges Defendants, including "high ranking City of Vallejo officials" and "high ranking police supervisors," have a "continued pattern and practice of misconduct and/or civil rights violations by Vallejo Police Department officers" based on: (1) "permitting police officers who demonstrate a pattern of using unreasonable force" "to continue on patrol and pose a danger to the public of continuing to use excessive force without remediation, retraining or discipline"; (2) "failing to properly train or retrain officers in the proper use of force based on objective standards" under *Graham*, 490 U.S. 386; and (3) "ratifying officers' actions of use of excessive force" "by failing to reprimand officers for use of force incidents, including the subject incident." FAC ¶ 20. Specifically, Plaintiff alleges that Defendant Komoda was involved in the Vallejo Police Department's open practice of "badge bending," which involves bending an officer's badge to "show off" that the officer was involved in a fatal shooting. *Id*. Plaintiff further alleges Defendant Komoda's involvement in three prior shootings (an August 2016 shooting, an August 2017 fatal shooting of Jeffrey Barboa, and a

November 2018 shooting of Dominic Milano) show a pattern of Defendant Komoda shooting suspects in violation of their constitutional rights that is similar to the incident in this case. *Id*. Plaintiff also refers to the stipulated judgment entered into by the City of Vallejo and the Department of Justice on October 15, 2023 to further establish the continued issues that remain within the Vallejo Police Department related to policy, practice and training failures that is the "substantial factor and moving force in the violation of" Plaintiff's rights related to the incident. *Id*. at ¶ 21.

To hold Defendant City of Vallejo liable for the underlying Fourth Amendment violation on a failure to train theory, Plaintiff must allege facts that show that Defendant City of Vallejo chose a training policy that was inadequate to prevent the constitutional violation and that in selecting this policy Defendant City of Vallejo was deliberately indifferent to the constitutional rights of individual citizens. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). A municipality's failure to train must amount to "deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Id*. (internal quotation marks and citation omitted). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id*. at 62 (citation omitted).

At this stage, Plaintiff has sufficiently alleged a failure to train based on multiple incidents involving Defendant Komoda where excessive force was allegedly used, including with Plaintiff, showing a deliberate or conscious policy choice by Defendant City of Vallejo in deliberately not training its police officers in use of force. It is reasonable to infer that a pattern of similar constitutional violations by the same untrained employee would show that a "particular omission in their training program would cause city employees to violate citizens' constitutional rights." *Connick*, 563 U.S. at 61.

Additionally, Plaintiff alleges that Defendant City of Vallejo had a custom or practice of "ratifying", "condon[ing]", "encourage[ing] and/or tacitly authoriz[ing]" the continued pattern and practice of use of excessive force by shooting suspects in violation of individuals' constitutional rights. *See* FAC ¶¶ 20, 22. Plaintiff's allegations further allege a custom or practice of inaction by Defendant City of Vallejo for failing to train or retrain officers, remediate, or discipline officers involved in on duty shootings. FAC ¶ 20. "An unconstitutional policy need not be formal or written to create municipal liability under Section 1983; however, it must be 'so permanent and well settled as to constitute a custom or usage with the force of law.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). Plaintiff's allegations about other similar events involving Defendant Komoda that show multiple instances of purported misconduct, plausibly shows a custom or practice of Defendant City of Vallejo that is "permanent and well settled." *Adickes*, 398 U.S. at 167-68. These allegations sufficiently allege that Defendant City of Vallejo had an unconstitutional police training policy and custom or practice of use of excessive force.

Therefore, Defendants' motion is GRANTED IN PART as to the portion of Plaintiff's third cause of action based on a due process violation under the Fifth and Fourteenth Amendment, which is dismissed with prejudice. Defendants' motion is DENIED IN PART as to the portion of Plaintiff's third cause of action based on unreasonable search and seizure in violation of the Fourth and Fourteenth Amendment, which may proceed.

### 2. Fourth Cause of Action - Bane Act Against All Defendants

Plaintiff's fourth cause of action alleges violation of California Civil Code § 52.1. Plaintiff alleges Defendants' conduct in their attempt to stop, search and detain Plaintiff violated Plaintiff's rights and constituted "threats, intimidation and coercion" in violation of the Bane Act. FAC ¶ 27. The Tom Bane Civil Rights Act, codified at California Civil Code § 52.1, protects individuals from interference with federal or state rights by creating a

cause of action for such interference that is carried out "by threats, intimidation or coercion." *See Venegas v. County of Los Angeles*, 153 Cal. App. 4th 1230, 1239 (2007); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). The Bane Act requires a specific intent to violate the plaintiff's rights. *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). "[T]he use of excessive force can be enough to satisfy the 'threat, intimidation or coercion element'" of the Bane Act. *Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766, 799 (2017).

Here, Plaintiff's allegations of excessive force are sufficient to satisfy the threats, intimidation, and coercion element. *See id*. The FAC alleges that Officer Komoda shot Plaintiff when his back was turned and he was running away. *See* FAC ¶¶ 10-11, 27-28. Plaintiff need not allege coercion beyond the coercion inherent in the underlying excessive force allegation. *See Cornell*, 17 Cal. App. 5th at 799. In addition, specific intent is alleged because "a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese*, 888 F.3d at 1045 (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)). Courts have found that a Bane Act claim can be brought against a municipality, and Defendants have not argued otherwise, Defs. Mot. & Reply. *See Est. of Chivrell v. City of Arcata*, 694 F. Supp. 3d 1218, 1229 (N.D. Cal. 2023); *Galley v. Cnty. of Sacramento*, 2023 WL 4534205, at *3 (E.D. Cal. July 13, 2023).

Therefore, Plaintiff has sufficiently stated a claim under the Bane Act. Defendants' motion is therefore DENIED as to Plaintiff's fourth cause of action.

### C.     Punitive Damages

Defendants also request that the Court strike Plaintiff's prayer for punitive damages as to Defendant City of Vallejo only. Defs. Mot. at 8. Defendants argue that punitive damages against Defendant City of Vallejo is improper because municipalities are immune from punitive damages under 42 U.S.C. § 1983. *Id*. (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)). Rule 12(f) does not authorize the court to strike a claim for damages on the ground that such damages are precluded.

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 976 (9th Cir. 2010) (holding that Rule 12(f) "does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law"); *see also Estate of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F.Supp.2d 1101, 1128 (E.D. Cal. 2013) (denying defendant's motion to strike plaintiff's prayer for punitive damages under Rule 12(f)).

The court may convert a Rule 12(f) motion to a Rule 12(b)(6) motions to address questions of law such as those raised in Defendants' motion to strike. *See State Farm Gen. Ins. Co. v. ABC Fulfillment Servs., LLC*, 2016 WL 159229, at *2 (E.D. Cal. Jan. 13, 2016) ("[B]ecause motions to strike under Rule 12(f) and motions to dismiss for failure to state a claim under Rule 12(b)(6) resemble one another as far as evidentiary standards and proof are concerned, district courts occasionally convert 12(f) motions to 12(b)(6) motions.") Accordingly, the Court will convert Defendants' motion to strike Plaintiff's prayer for punitive damages to a motion to dismiss under Rule 12(b)(6).

A district court may dismiss a claim sua sponte under Rule 12(b)(6) "without notice where the claimant cannot possibly win relief." *Omar*, 813 F.2d at 991 (citing *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir.1981)). Here, Defendant City of Vallejo is not liable for punitive damages under § 1983 as a municipality. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.13 (1985); *City of Newport*, 453 U.S. at 271. In addition, Plaintiff had notice that his request for punitive damages was being challenged based on Defendants' motion, though raised under the wrong rule. Accordingly, Plaintiff's claim for punitive damages pursuant to § 1983 against Defendant City of Vallejo is dismissed with prejudice.

**IV.    CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss the FAC in part and strike (ECF No. 10) is GRANTED IN PART and DENIED IN PART. In summary,

    1.    The Court GRANTS Defendants' motion to dismiss as to Plaintiff's claim for substantive due process violation under the Fourteenth Amendment (second cause of action), and dismisses this claim with prejudice.

15

2. The Court GRANTS Defendants' motion to dismiss as to the portion of Plaintiff's third cause of action for violation of the Fifth and Fourteenth Amendment under *Monell*, and dismisses this claim with prejudice.

3. The Court DENIES Defendants' motion to dismiss as to the portion of Plaintiff's third cause of action for violation of the Fourth and Fourteenth Amendment under *Monell*. This portion of the third cause of action may proceed.

4. The Court DENIES Defendants' motion to dismiss as to the Bane Act claim (fourth cause of action), which may proceed.

5. Plaintiff's claim for punitive damages pursuant to § 1983 against Defendant City of Vallejo is dismissed with prejudice.

6. Defendants' Request for Judicial Notice (ECF No. 10-2) is GRANTED IN PART and DENIED IN PART.

Plaintiff may proceed with the following claims in the FAC: excessive force in violation of the Fourth Amendment against Defendants City of Vallejo and Komoda (first cause of action); *Monell* claim for unreasonable search and seizure in violation of the Fourth and Fourteenth Amendment against the Defendant City of Vallejo (portion of the third cause of action); Bane Act claim against Defendants City of Vallejo and Komoda (fourth cause of action); assault/battery against Defendants City of Vallejo and Komoda (fifth cause of action); negligence against Defendants City of Vallejo and Komoda (sixth cause of action); and intentional infliction of emotional distress against Defendants City of Vallejo and Komoda (seventh cause of action).

Dated: January 27, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, jone1199.24