1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYSON JONES,

                    Plaintiff,

          v.

CITY OF VALLEJO, et al.,

                    Defendants.

Case No. 2:24-cv-01199-CSK

ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER

(ECF No. 25)

The Court has reviewed the parties' stipulated protective order below (ECF No. 25), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain

/ / /

/ / /

/ / /

1   jurisdiction for disputes concerning protective orders after closure of the case). Thus,

2   the Court will not retain jurisdiction over this protective order once the case is closed.

3

4   Dated:  April 28, 2025

5                                                                            _____

6                                                                            CHI SOO KIM
                                                                             UNITED STATES MAGISTRATE JUDGE
7

8   4, jone1199.24

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  **Case No. 2:24-cv-01199-CSK**                          **STIPULATED PROTECTIVE
                                                               ORDER**

-2-

1    **VERONIC A.F. NEBB**
     City Attorney, SBN 140001
2    **BY:    KATELYN M. KNIGHT**
     Assistant City Attorney, SBN 264573
3    **CITY OF VALLEJO**, City Hall
     555 Santa Clara Street, Third Floor
4    Vallejo, CA  94590
     Tel:    (707) 648-4545
5    Fax:    (707) 648-4687
     Email: katelyn.knight@cityofvallejo.net
6
     Attorneys for Defendants CITY OF VALLEJO
7    and MATTHEW KOMODA

8                        **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

10   BRYSON JONES, an individual          Case No:  2:24-cv-01199-CSK

11          Plaintiff,                    **STIPULATED PROTECTIVE ORDER
                                          PURSUANT TO CIVIL LOCAL RULE**
12   v.                                   **141.1**

13   CITY OF VALLEJO, a municipal corporation;
     MATTHEW KOMODA, individually and in
14   his capacity as an official officer of the CITY;
     and DOES 1-50, inclusive, individually,
15   jointly, and severally,

16          Defendants.

17

18   **1.    PURPOSES AND LIMITATIONS**

19          Disclosure and discovery activity in this action are likely to involve production of

20   confidential, proprietary, or private information for which special protection from public

21   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

22   Particularly as this matter arises from an incident that is still under criminal investigation.

23   Accordingly, the parties hereby stipulate to and petition the court to enter the following

24   Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket

25   protections on all disclosures or responses to discovery and that the protection it affords from

26   public disclosure and use extends only to the limited information or items that are entitled to

27   confidential treatment under the applicable legal principles. The parties further acknowledge, as

28

set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and for which public disclosure is likely to result in particularized harm and violate privacy interests recognized by law.  This information may include:

        a.    files related to the criminal investigation of the incident while the criminal investigation and review and any consequent criminal proceedings are pending;

        b.    juvenile records;

        c.    personnel file records of any peace officer;

        d.    medical records;

        e.    social security numbers and similar sensitive identifying information (unless redacted by order or by agreement of all parties).

2.3    Counsel (without qualifier):  Outside counsel of record where applicable and in-house counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     In-House Counsel:  attorneys who are employees of a party to this action. In-house counsel does not include outside counsel of record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material that reveal the source of the

Protected Material or that reveal specific information entitled to confidentiality as a matter of law; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) any information mentioned or referenced in a deposition or in other pretrial or trial proceedings, unless such portions of testimony have been designated as confidential pursuant to section 5.2 (b) of this order.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  The confidentiality obligations imposed by this Order shall remain in full force and effect with respect to records and portions of records redacted or otherwise withheld from public disclosure. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced. Where Disclosure or Discovery Material that qualifies for protection under this order is produced to a party that is entitled to access (e.g. medical or criminal history records produced to the subject of those records, or peace officer personnel records produced to the subject officer), the Disclosure or Discover Material need not be designated, however the parties shall take appropriate steps to ensure such materials are not publicly filed or disclosed.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for

inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  Alternatively, the Designating Party may designate portions of testimony within 45 days after receipt of the transcript by providing notice to all parties in writing.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring, in person or by phone or video conference, within 30 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the parties shall meet and confer regarding resolution by informal discovery conference.  If both parties do not agree to submit the dispute to the Court via informal discovery conference, the Receiving Party shall file and serve a motion to de-designate under Civil Local Rule 251 (and in compliance with Civil Local Rule 141, if applicable) within 21 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed by any party only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by all parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by agreement of both Designating Party and Receiving Party, all parties may disclose any information or item designated "CONFIDENTIAL" only to:

a)  Counsel for any party to the action.

b)  Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel;

c)  Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

d)  Any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

e)  Any "in house" expert designated by defendants to testify at trial in this matter;

f)  Witnesses, other than the plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of this order;

g)  Any Neutral Evaluator or other designated ADR provider;

h)  Parties to the action; and

1        i)   The jury, should the matter go to trial.

2    **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

3           **OTHER LITIGATION**

4        If a Party is served with a subpoena or a court order issued in other litigation that compels

5    disclosure of any information or items designated in this action as "CONFIDENTIAL," that

6    Party must:

7        a)   promptly notify in writing the Designating Party. Such notification shall include a

8           copy of the subpoena or court order;

9        b)   promptly notify in writing the party who caused the subpoena or order to issue in the

10           other litigation that some or all of the material covered by the subpoena or order is

11           subject to this Protective Order. Such notification shall include a copy of this

12           Stipulated Protective Order; and

13        c)   cooperate with respect to all reasonable procedures sought to be pursued by the

14           Designating Party whose Protected Material may be affected.

15        If the Designating Party timely seeks a protective order, the Party served with the

16    subpoena or court order shall not produce any information designated in this action as

17    "CONFIDENTIAL" before a determination by the court from which the subpoena or order

18    issued, unless the Party has obtained the Designating Party's permission. The Designating Party

19    shall bear the burden and expense of seeking protection in that court of its confidential material –

20    and nothing in these provisions should be construed as authorizing or encouraging a Receiving

21    Party in this action to disobey a lawful directive from another court.

22    **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

23           **THIS LITIGATION**

24        The terms of this Order are applicable to information produced by a Non-Party in this

25    action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

26    connection with this litigation is protected by the remedies and relief provided by this Order.

27    Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

28        Case No. 2:24-cv-01199-CSK                  STIPULATED PROTECTIVE
                                                       ORDER

additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing all Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
**         PROTECTED MATERIAL**

1   When a Producing Party gives notice to Receiving Parties that certain inadvertently

2 produced material is subject to a claim of privilege or other protection, the obligations of the

3 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

4 provision is not intended to modify whatever procedure may be established in an e-discovery

5 order that provides for production without prior privilege review. Pursuant to Federal Rule of

6 Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

7 communication or information covered by the attorney-client privilege or work product

8 protection, the parties may incorporate their agreement in the stipulated protective order

9 submitted to the court.

10  **12.    MISCELLANEOUS**

11   12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

12 seek its modification by the court in the future.

13   12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

14 Order no Party waives any right it otherwise would have to object to disclosing or producing any

15 information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

16 no Party waives any right to object on any ground to use in evidence of any of the material

17 covered by this Protective Order.

18   12.3    Filing Protected Material. Without written permission of all parties or a court

19 order secured after appropriate notice to all interested persons, a Party may not file in the public

20 record in this action any Protected Material. A Party that seeks to file under seal any Protected

21 Material must comply with Civil Local Rule 141. Protected Material may only be filed under

22 seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

23 Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that

24 the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

25 protection under the law. If a Party's request to file Protected Material under seal pursuant to

26 Civil Local Rule 141(b) is denied by the court, then the any Party may file the information in the

27 public record pursuant to Civil Local Rule 141(e)(1) unless otherwise instructed by the court.

28   Case No. 2:24-cv-01199-CSK                    STIPULATED PROTECTIVE
                                                   ORDER

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, upon written notification served by Producing or Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**SO STIPULATED.**

DATED: April 25, 2025

　_/s/ James Cook_ (as authorized on __)_____
JAMES A. COOK
Attorney for Plaintiff

DATED:  April 28, 2025

_/s/ Katelyn M. Knight_____
KATELYN M. KNIGHT
Assistant City Attorney
Attorney for Defendants CITY OF VALLEJO
and MATTHEW KOMODA

---

**EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Eastern District of

California in the case of Jones v. City of Vallejo, et al., Case No. 2:24-cv-01199-CSK. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**Case No. 2:24-cv-01199-CSK**                         **STIPULATED PROTECTIVE**
                                                       **ORDER**